Fuchsberg, J. (dissenting).
I believe the order of the Appellate Division should be reversed and the judgment of the Supreme Court reinstated.
It is conceded that the petitioner’s conditional purchase agreement was not finalized until the purchase price was expressly approved as a basis for property cost reimbursement by the Public Health Council and other appropriate authorized bodies of the Department of Health. The parties are also in agreement that the price arrived at between the seller and the petitioner was not only the true one but was the product of bona fide, arm’s length negotiations. As such, the basis it provided for reimbursement was in accordance with both the regulations and the practice long and, until then, invariably enforced by the respondent. The Commissioner of Health’s later promulgation and application of a new methodology at a time when the petitioner’s assumption of his contract obligations had become irreversibly fixed was calculated to and did bring about an impermissible ex post facto impairing of substantial vested property rights (cf. Lynch v United States, 292 US 571, 577, 579; Matter of Bayswater Health Related Facility v Karagheuzoff, 37 NY2d 408). Under the circumstances, whatever the warrant for the commissioner’s application of the newly adopted regulations to transactions not yet approved, it was unlawful for him to apply them retroactively to the one before us.
Order affirmed, etc.